## (July 12, 1973)

DONALD L. SLATER, Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF CORTLAND et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered July 19, 1972 in Cortland County, which adjudged that the plan of reapportionment contained in Local Law No. 2 for the year 1972 of the County of Cortland is constitutionally valid. The plan divides Cortland County into 19 legislative districts. In achieving this result, small towns are consolidated into single districts, larger towns are divided into several districts, and the number of representatives from the City of Cortland is increased from six to eight. The districts thus created respect traditional political subdivision lines as far as feasible but, in so doing, result in population variations. The district with the largest population has 25% more people than the district with the least. To meet this exigency and the "one man, one vote" mandate, a computerized weighted voting plan was prepared so that there will be no more than 2% greater or less than equal voting power for representatives from any district. The sole question presented on this appeal is whether this reapportionment plan, with unequally populated dis-

tricts and a computerized weighted vote assigned to each legislator, is constitutional. We hold that it is. The Court of Appeals recently approved the use of computerized, adjusted, weighted voting for county legislators in *Franklin* v. *Krause* (32 N Y 2d 234), and the Cortland County plan presents, if anything, a more attractive proposal. The plan approved by the Court of Appeals has a much larger range of deviation in voting power, 7.3% as compared to 2%, and a much greater discrepancy in sheer numbers of votes to be cast (between legislators from the larger and smaller districts). Additionally, the plan questioned here conforms to the public policy of the State that municipal boundary lines are not to be broken in districting counties for representation purposes (*Abate* v. *Mundt*, 25 N Y 2d 309, 316), and to the so-called 5% rule enunciated in *Iannucci* v. *Board of Supervisors of County of Washington* (20 N Y 2d 244, 252). Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur. [69 Misc 2d 842.]